UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO ZELAYA and TANYA CASE,<br><br>   Plaintiffs,<br><br>  v.<br><br>KILVIO S. VASQUEZ, ENTERPRISE FM TRUST and THE DAVEY TREE EXPERT CO.,<br><br>   Defendants. | CIVIL ACTION NO.: 1:22-cv-1091 (LEK/DJS) |

**DEFENDANTS ENTERPRISE FM TRUST
AND THE DAVEY TREE EXPERT CO.'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendants **ENTERPRISE FM TRUST** ("Enterprise") and **THE DAVEY TREE EXPERT CO.** ("Davey Tree", and together with Enterprise, "Removing Defendants") hereby remove this case from the Supreme Court of the State of New York, Rensselaer County, to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removing Defendants, appearing solely for the purpose of Removal and no other purpose, and preserving all defenses available, including, without limitation, jurisdictional defenses, state as follows:

**BACKGROUND**

  1. On September 27, 2022, Plaintiffs Gerardo Zelaya and Tanya Case ("Plaintiffs") commenced the action *Gerardo Zelaya and Tanya Case v. Kilvio S. Vasquez, Enterprise FM Trust, and The Davey Tree Expert Co.*, Index No. 2022272448, in the Supreme Court of the State of New York, Rensselaer County, by filing the Summons and Complaint. Attached hereto as Exhibit **A** is a true and correct copy of Plaintiffs' Summons and Complaint (the "Complaint" or "Compl.").

  2. In the Complaint, Plaintiffs assert a negligence claim against all Defendants, alleging that Mr. Zelaya sustained injuries in a single car accident during the early morning hours

of July 24, 2022, when he was a passenger in a vehicle driven by Defendant Kilvio S. Vasquez, an employee of Davey Tree, which leased the subject vehicle from Enterprise. *See* Compl., ¶¶ 9, 13, 16-19.

3. Plaintiff Zelaya alleges "severe injuries which are permanent in nature," including that he "was rendered sick, sore, lame and disabled, sustained severe pain and suffering and has, and will, require medical treatment, all to plaintiff's damage." *Id*., ¶ 19.

4. Plaintiff Zelaya specifically alleges that he "sustained 'serious injury' within the meaning of Section 5102(d) of the Insurance Law of the State of New York," "has sustained economic loss other than 'basic economic loss' within the meaning of Section 5102(a) of the Insurance Law of the State of New York," and "has sustained a 'non-economic loss' as that term is defined in Section 5102(c) of the Insurance Law of the State of New York." *Id*., ¶¶ 16-18.

5. Additionally, Plaintiff Case asserts a loss of consortium claim. *Id*., ¶ 22.

6. On October 3, 2022, Plaintiffs served the Complaint on each of the Removing Defendants. Attached hereto as Exhibit **B** are true and correct copies of the Affidavits of Service purportedly reflecting service on each of the Removing Defendants.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which, upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

## DIVERSITY OF CITIZENSHIP EXISTS

8. As admitted in the Complaint, Plaintiff Gerardo Zelaya is a resident of Bennington County, Vermont. *See* Compl., ¶ 1. Accordingly, Plaintiff Gerardo Zelaya is a citizen of Vermont for the purposes of diversity jurisdiction.

9. Upon information and belief, Tanya Case is a resident of Norfolk County, Virginia, and thus a citizen of Virginia for the purposes of diversity jurisdiction.

10. Plaintiffs allege that Defendant Kilvio S. Vasquez is a resident of Philadelphia County, Pennsylvania. *Id*., ¶ 3. Accordingly, Defendant Kilvio S. Vasquez is a citizen of Pennsylvania for the purposes of diversity jurisdiction.

11. Davey Tree is an Ohio corporation with its principal place of business in Kent, Ohio. Attached hereto as Exhibit **C** is a true and correct copy of the entity information available from the Ohio Secretary of State related to Davey Tree; *see* Compl., ¶ 5. Davey Tree is thus a citizen of Ohio for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant Enterprise is a Delaware corporation with its principal place of business in Saint Louis, Missouri. Attached hereto as Exhibit **D** is a true and correct copy of the entity information available from the Missouri Secretary of State related to Enterprise; *see* Compl., ¶ 6. Therefore, Enterprise is a citizen of Delaware and Missouri for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

13. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount-in-controversy exceeds $75,000, and Plaintiffs and Defendants are citizens of different States.

**AMOUNT-IN-CONTROVERSY IS SATISFIED**

14. Plaintiff Zelaya alleges "severe injuries which are permanent in nature," Compl., ¶ 19, including "'serious injury' within the meaning of Section 5102(d) of the Insurance Law of the State of New York," "economic loss other than 'basic economic loss' within the meaning of Section 5102(a) of the Insurance Law of the State of New York," and "a 'non-economic loss' as

that term is defined in Section 5102(c) of the Insurance Law of the State of New York," *id*., ¶¶ 16-18.[1]

15. Accordingly, as required by 28 U.S.C. § 1332, upon information and belief, the amount in controversy thus exceeds $75,000.

## REMOVAL IS TIMELY

16. Removing Defendants were served with a copy of the Complaint on October 3, 2022. *See* Ex. B.

17. Removal is thus timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days of a receipt of a copy of the annexed Summons and Complaint.

## CONSENT TO REMOVAL

18. Removing Defendants all join in and therefore consent to this Removal.

19. Upon information and belief, Removing Defendants are the only Defendants served with the Summons and Complaint, and thus all Defendants properly joined and served in this matter consent to this Removal.

## STATE COURT PLEADINGS

20. A copy of the Complaint is annexed hereto as Ex. A, pursuant to 28 U.S.C. § 1446(a).

21. A copy of the affidavits of service are annexed hereto as Ex. B, pursuant to 28 U.S.C. § 1446(a).

22. The balance of the state court filings are annexed hereto as Exhibit E, pursuant to 28 U.S.C. § 1446(a).

---

[1] Defendants deny that Plaintiffs are entitled to any relief, but that position is immaterial for the purpose of determining the amount-in-controversy.

## VENUE IS PROPER

23. Venue is proper in this Court because the United States District Court for the Northern District of New York is the federal judicial district encompassing the Supreme Court of the State of New York, Rensselaer County, where this suit was originally filed.

## NOTICE TO STATE COURT

24. Removing Defendants will file a copy of this Notice of Removal in the Supreme Court, Rensselaer County, and will promptly thereafter serve a copy of the same upon the parties to this action pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Removing Defendants give notice that this action, commenced in the Supreme Court of the State of New York, Rensselaer County, is removed to the United States District Court for the Northern District of New York.

Dated: October 21, 2022
Syracuse, New York

By: /s/ Peri A. Berger
Peri A. Berger
Brian D. Roy
**HARRIS BEACH PLLC**
333 West Washington Street, Suite 200
Syracuse, NY 13202
Telephone: (315) 423-7100
Facsimile:  (315) 422-9331
pberger@harrisbeach.com
broy@harrisbeach.com
*Attorneys for Defendant*s
*The Davey Tree Expert Co. and*
*Enterprise FM Trust*