# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER
-----------------------------------------------------------------------X
GERARDO ZELAYA and TANYA CASE

                                Plaintiff(s),

    -against-

KILVIO S. VASQUEZ, ENTERPRISE FM TRUST
and THE DAVEY TREE EXPERT CO.

                                Defendant(s).
-----------------------------------------------------------------------X

**Index No.:**
**Purchased:**

***Plaintiff designates Rensselaer County as the place of trial***

**SUMMONS**

***The basis of the venue is PLACE OF ACCIDENT of residence.***

To the above-named Defendants:

      ***You are hereby summoned***, to answer the Complaint in this action, and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within 20 days after the service of the Summons, exclusive of the day of service (or within 30 days after the service is complete if the Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Uniondale, New York
          September 23, 2022

**DUFFY & DUFFY, PLLC**
Attorneys for Plaintiff

_____
FRANK TORRES, ESQ.
1370 RXR Plaza
West Tower, 13th Floor
Uniondale, New York 11556
(516) 394-4200

Defendants' addresses:
See Below

**Notice: The nature of this action is negligence**

*The relief sought is* **monetary damages**

      Upon your failure to appear judgment will be taken against you by default in such a sum as a jury would find fair, adequate and just.

FILED: RENSSELAER COUNTY CLERK 09/27/2022 11:33 AM    INDEX NO. EF2022-272448
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 09/27/2022

Case 1:22-cv-01091-AMN-DJS   Document 1-1   Filed 10/21/22   Page 3 of 9

**DEFENDANTS' ADDRESSES:**

**Kilvio S. Vasquez**
6112 Palmetto Street
Philadelphia, PA 19111

**The Davey Tree Expert Co.**
1500 N. Mantua St.
Kent, OH 44240
-cc-
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

**ENTERPRISE FM TRUST**
600 Corporate Park Drive
Saint Louis, MO 63109
-cc-
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER
-----------------------------------------------------------------------X
GERARDO ZELAYA and TANYA CASE

                              Plaintiff(s),

          -against-

KILVIO S. VASQUEZ, ENTERPRISE FM TRUST
and THE DAVEY TREE EXPERT CO.

                              Defendant(s).
-----------------------------------------------------------------------X

**Index No.:**
**Purchased:**

**VERIFIED COMPLAINT**

        Plaintiffs, **Gerardo Zelaya and Tanya Case,** by their attorneys, **DUFFY & DUFFY, PLLC**, complaining of the defendants, respectfully allege and set forth as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

        1.    At all times hereinafter mentioned plaintiff, **Gerardo Zelaya**, reside at 127 Ehrich Road, Shaftsbury, County of Bennington, and State of Vermont.

        2.    At all times herein mentioned plaintiff, **Gerardo Zelaya**, was a passenger in a 2019 Ford Pickup truck, operated by defendant, Kilvio S. Vasquez, leased to defendant The Davey Tree Expert Co., by leaser/owner Enterprise FM Trust, registered in the State of Ohio, plate number PLB3721.

        3.    Upon information and belief, at all times hereinafter mentioned defendant, **Kilvio S. Vasquez**, resides at 6112 Palmetto Street, Philadelphia, County of Philadelphia, and State of Pennsylvania.

        4.    Upon information and belief, at all times hereinafter mentioned defendant, **Kilvio S. Vasquez**, was the operator of a 2019 Ford Pickup truck, registered in the State of Ohio, plate number PLB3721.

        5.    Upon information and belief, at all times hereinafter mentioned defendant, **The Davey Tree Expert Co.**, maintains a business at 1500 N. Mantua Street, Kent, County of Portage, and State of Ohio.

FILED: RENSSELAER COUNTY CLERK 09/27/2022 11:33 AM
NYSCEF DOC. NO. 1
INDEX NO. EF2022-272448
RECEIVED NYSCEF: 09/27/2022

Case 1:22-cv-01091-AMN-DJS   Document 1-1   Filed 10/21/22   Page 5 of 9

6. Upon information and belief, at all times hereinafter mentioned defendant, **ENTERPRISE FM TRUST** maintains a business at 600 Corporate Park Drive, St. Louis, County of Portage, and State of MO.

7. Upon information and belief, defendant **ENTERPRISE FM TRUST**, is the registered owner of a 2019 Ford Pickup truck, registered in the State of Ohio, plate number PLB3721.

8. Upon information and belief, defendant **ENTERPRISE FM TRUST**, leased a 2019 Ford Pickup truck, registered in the State of Ohio, plate number PLB3721, to defendant **The Davey Tree Expert Co**.

9. Upon information and belief, defendant, **Kilvio S. Vasquez,** operated the 2019 Ford Pickup truck, registered in the State of Ohio, plate number PLB3721, as an employee of **The Davey Tree Expert Co**.

10. Upon information and belief, at all times herein mentioned defendant, **Kilvio S. Vasquez**, operated the aforesaid 2019 Ford Pickup truck, with the knowledge of its owner, defendant, **The Davey Tree Expert Co.**

11. Upon information and belief, at all times herein mentioned defendant, **Kilvio S. Vasquez**, operated the aforesaid 2019 Ford Pickup truck, with the permission of its owner, defendant, **The Davey Tree Expert Co.**

12. Upon information and belief, at all times herein mentioned defendant, **Kilvio S. Vasquez**, operated the aforesaid 2019 Ford Pickup truck, with the consent of its owner, defendant, **The Davey Tree Expert Co.**

13. On or about July 24, 2022, on NY Route 7 at or near Old Route 7, Town of Pittstown, County of Rensselaer, State of New York, defendant **Kilvio S. Vasquez** lost control of the 2019 Ford Pickup truck, crossed over double yellow lines, went into a ditch and struck a tree before coming to a stop.

FILED: RENSSELAER COUNTY CLERK 09/27/2022 11:33 AM	INDEX NO. EF2022-272448
NYSCEF DOC. NO. 1	RECEIVED NYSCEF: 09/27/2022

Case 1:22-cv-01091-AMN-DJS   Document 1-1   Filed 10/21/22   Page 6 of 9

14. Said accident was the result of the negligence of defendants and was without any negligence on the part of plaintiffs contributing thereto.

15. The aforesaid incident was caused by the negligence of defendant, **Kilvio S. Vasquez**, for which negligence defendants, **ENTERPRISE FM TRUST** and **THE DAVEY TREE EXPERT CO.** are vicariously liable, in that said defendant was operating the vehicle while intoxicated; was operating the vehicle at an excessive rate of speed under the circumstances then and there prevailing; was operating the vehicle at a rate of speed in excess of the legal limit; breached the duty to maintain a reasonably safe rate of speed; did lose control of the vehicle; did disregard the traffic and road conditions thereupon prevailing; did fail to drive the vehicle safely; did negligently and carelessly lose control of the vehicle, cross over the double yellow lines, drove the vehicle into and ditch and struck a tree; did drive on the wrong side of the road; did change lanes unsafely; did fail to control the vehicle; did fail to control the vehicle he was operating in sufficient time to avoid the happening of the accident; did negligently drive the vehicle into a ditch and struck a tree; did fail to properly observe the conditions of the road and did improperly react to same; did fail to apply the brakes of the vehicle he was operating in time to avoid and to prevent the incident; did fail to properly control the vehicle he was operating; failed to have the vehicle under reasonable control; did fail to properly use and control the steering wheel of the vehicle he was operating; under the facts and circumstances, did fail to keep a proper lookout; did fail to keep his eyes on the road; failed to keep a proper lookout under the circumstances then existing to see and be aware of what was in his view; did fail to observe or see what should have been seen by the proper use of his senses; did not observe that which was there to be seen; did fail to look or did not look carefully; did fail to properly observe traffic, weather and other conditions, and did fail to properly react to same; in failing to take proper means of precaution to avoid and guard against the happening of the incident; in failing to exercise due care and caution in the operation, management, and control of her vehicle; in failing to give plaintiff any warning that an accident was about to accur; in failing to operate his vehicle as a reasonable and prudent person; did operate the vehicle in such a dangerous, reckless and

FILED: RENSSELAER COUNTY CLERK 09/27/2022 11:33 AM            INDEX NO. EF2022-272448
NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 09/27/2022

Case 1:22-cv-01091-AMN-DJS   Document 1-1   Filed 10/21/22   Page 7 of 9

negligent manner so as to cause the aforesaid incident; failed to use reasonable care to avoid the incident; breached the duty to operate the vehicle with reasonable care taking into account the actual and potential danger existing from weather, road, traffic or other conditions; in failing to make timely and proper use of adequate and efficient brakes; in failing and refusing to comply with the rules, regulations, statutes and ordinances relative to the operation of motor vehicles upon the public highways of the State of New York; and did otherwise fail to observe the rules of the road.

16. As a result thereof, the plaintiff, **Gerardo Zelaya**, has sustained "serious injury" within the meaning of Section 5102(d) of the Insurance Law of the State of New York.

17. As a result thereof, the plaintiff, **Gerardo Zelaya**, has sustained economic loss other than "basic economic loss" within the meaning of Section 5102(a) of the Insurance Law of the State of New York.

18. As a result thereof, the plaintiff, **Gerardo Zelaya**, has sustained a "non-economic loss" as that term is defined in Section 5102(c) of the Insurance Law of the State of New York.

19. As a result thereof, the plaintiff, **Gerardo Zelaya**, has sustained severe injuries which are permanent in nature, was rendered sick, sore, lame and disabled, sustained severe pain and suffering and has, and will, require medical treatment, all to plaintiff's damage.

20. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION FOR LOSS OF SERVICES ON BEHALF OF TANYA CASE

21. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in those paragraphs of the complaint marked and designated "1." through "20." inclusive with the same force and effect as if hereinafter set forth at length.

22. By reason of the foregoing occurrence and resultant injuries plaintiff, **Tanya Case,** was deprived of the services and companionship of her husband, plaintiff, **Gerardo Zelaya,** and

was caused to become obliged to expend sums of money for medical and hospital care on her behalf.

23. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

24. This action falls within the exceptions to Article 16 of the New York Civil Practice Laws and Rules.

**WHEREFORE**, plaintiff demands judgment against the defendants, and each of them, in such sum as a court and/or jury may find to be fair, adequate and just, and for costs and disbursements of this action.

Dated: Uniondale, New York
September 23, 2022

**DUFFY & DUFFY, PLLC**

FRANK TORRES, ESQ.
1370 RXR Plaza
West Tower, 13th Floor
Uniondale, New York 11556
(516) 394-4200

FILED: RENSSELAER COUNTY CLERK 09/27/2022 11:33 AM       INDEX NO. EF2022-272448
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 09/27/2022

Case 1:22-cv-01091-AMN-DJS   Document 1-1   Filed 10/21/22   Page 9 of 9

## VERIFICATION PAGE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

**FRANK TORRES**, an attorney admitted to practice in the courts of the State of New York states:

I am a member of the firm, **DUFFY & DUFFY, PLLC**, attorneys for the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by the plaintiff is that the plaintiff resides outside of the county where your deponent maintains his office for the practice of law.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: correspondence and conversations with my clients and a review of the file maintained by my office in this matter.

I affirm that the foregoing statements are true under the penalty of perjury.

Dated:  Uniondale, New York
        September 23, 2022

_____
FRANK TORRES, ESQ.