**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

GERARDO ZELAYA and TANYA CASE,

                Plaintiffs,

      v.                            1:22-cv-01091 (AMN/DJS)

KILVIO S. VASQUEZ and THE DAVEY TREE
EXPERT CO.,

                Defendants.

───────────────────────────────

**APPEARANCES:**                        **OF COUNSEL:**

**DUFFY & DUFFY, PLLC**           **FRANK TORRES, ESQ.**
1370 RXR Plaza – 13th Floor
Uniondale, New York 11566
*Attorneys for Plaintiffs*

**CAPEZZA HILL, LLP**             **BENJAMIN W. HILL, ESQ.**
30 South Pearl Street – Suite P-110   **ABBY MCCORMICK-FOLEY,**
Albany, New York 12207             **ESQ.**
*Attorneys for Defendant*
*Kilvio S. Vasquez*

**HARRIS, BEACH LAW FIRM**       **BRADLEY WANNER, ESQ.**
Albany Office
677 Broadway – Suite 1101
Albany, New York 12207

Syracuse Office                    **BRIAN D. ROY, ESQ.**
333 West Washington Street – Suite 200
Syracuse, New York 13202
*Attorneys for Defendant*
*The Davey Tree Expert Co.*

**TUCKER ELLIS LLP**             **CLIFFORD S. MENDELSOHN,**
950 Main Avenue – Suite 1100       **ESQ.**
Cleveland, Ohio 44113             **GIUSEPPE W. PAPPALARDO,**
*Attorneys for Defendant*          **ESQ.**
*The Davey Tree Expert Co.*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On September 27, 2022, Gerardo Zelaya ("Plaintiff") and his wife Tanya Case (together, "Plaintiffs") commenced this action in New York State Supreme Court against Kilvio S. Vasquez ("Defendant Vasquez"), The Davey Tree Expert Co. ("Defendant"), and Enterprise FM Trust, alleging state law claims for negligence and loss of services resulting from a motor vehicle accident on July 24, 2022. Dkt. No. 2 ("Complaint"). On October 21, 2022, Defendant and Enterprise FM Trust removed this action to federal court on the stated basis of diversity. Dkt. No. 1.

Presently before the Court[1] is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Dkt. No. 38 ("Motion"), Plaintiffs' opposition, Dkt. No. 40, and Defendant's reply in further support, Dkt. No. 41. For the reasons set forth below, the case is remanded to New York State Supreme Court, Rensselaer County, for lack of subject matter jurisdiction.[2]

## II.    BACKGROUND

### A.  The Parties

Plaintiffs have been married at all relevant times. Dkt. No. 2 at ¶ 22. Plaintiff is a resident of Vermont and his wife is a resident of Virginia. Dkt. No. 2 at ¶ 1; Dkt. No. 1 at ¶¶ 8–9.

Defendant provides professional tree services to, *inter alia*, a utility company in Vermont, and is an Ohio corporation with its principal place of business in Ohio. Dkt. No. 1 at ¶ 11; Dkt.

---

[1] This case was reassigned to the undersigned on January 18, 2023. Dkt. No. 24.

[2] As the Court lacks subject matter jurisdiction over this action, it has no authority to rule on the Motion, Dkt. No. 38, or Defendant's related request to seal, Dkt. No. 39. Accordingly, both motions are terminated. *See Doe v. Warner*, 659 F. Supp. 3d 293, 295 n.2 (E.D.N.Y. 2023).

No. 38-12 at 19:25–20:3.[3]

Defendant Vasquez was previously employed by Defendant to provide professional tree services to the utility company in Vermont.  Dkt. No. 2 at ¶ 9; Dkt. No. 38-7 at 11:24–12:3; Dkt. No. 38-12 at 19:25–20:3.  Prior to the July 2022 accident, Defendant Vasquez had been working in Vermont for approximately two years, as assigned by Defendant.  Dkt. No. 38-7 at 12:2–21. During this time, Defendant Vasquez stayed in hotels paid for by Defendant and led one of Defendant's tree trimming crews.  *Id.* at 12:22–13:4.  Defendant provided Defendant Vasquez with a leased Ford F-150 pickup ("F-150") so that he could travel between his hotel and the location where the tree trimming equipment was stored; from that location, the crew would then travel to different job sites.  Dkt. No. 38-12 at 20:2–23.  The Complaint alleges, upon information and belief, that Defendant Vasquez is now a resident of Pennsylvania.  Dkt. No. 2 at ¶ 3.

### B.  Relevant Events

Around 5:00 a.m. on July 24, 2022, Defendant Vasquez drove the F-150 off the road and into a tree in New York State.  Dkt. No. 38-2 at ¶ 18.  Defendant Vasquez, Plaintiff, and another friend had consumed dozens of alcoholic drinks together in the hours prior to the accident, before deciding to drive an hour from Plaintiff's house in Vermont to purchase more alcohol.  *Id.* at ¶¶ 7, 9–15; Dkt. No. 38-11 at 28:23–29:24.  All three were in the F-150 at the time of accident, even though Defendant Vasquez was the only employee of Defendant.  Dkt. No. 38-14; Dkt. No. 38-2 at ¶¶ 16–17.

After being evaluated by emergency responders, Defendant Vasquez, who had no complaints of pain, was arrested for driving while intoxicated, while Plaintiff was transported to

---

[3] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

Albany Medical Center for complaints of back pain.  Dkt. No. 38-14 at 2–3; Dkt. No. 38-2 at ¶ 19.

Plaintiff was discharged after receiving certain medical treatment for bladder and urinary issues.

Dkt. No. 38-11 at 60:13–61:19.  At his deposition in August 2023, Plaintiff testified that he had

seen a gastroenterologist but had not received any further medical treatment for the bladder or

urinary issues since his discharge from the hospital in July 2022.  *Id.* at 66:21–67:5.

### C. Plaintiff's Allegations

The two-count Complaint alleges various unspecified "severe" injuries Plaintiff has

purportedly suffered and sets forth several legal conclusions as to the significance of those

allegations under New York's Insurance Law.  Dkt. No. 2 at ¶¶ 16–19.  Plaintiff's first count is for

negligence against Defendant Vasquez and vicarious liability against Defendant; the second count

is for loss of services on behalf of Plaintiff's wife.  Dkt. No. 2.  The Complaint alleges that "[t]he

amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have

jurisdiction," but does not specify a particular numerical value for damages.  *Id.* at ¶¶ 20, 23; *see*

*also* N.Y. C.P.L.R. § 3017(c).

When asked how the accident had affected his relationship with his wife, who is a

schoolteacher, Plaintiff testified:

> We have problems now because the man is the guy who has to bring money to the
> home, right?  The guy has to provide the money, support.  Now with all this, it's
> not easy.  My wife, yes, is giving me some trouble here and there because of, you
> know, bills and stuff like that.  She had to cover many things when I couldn't.
>
> . . . .
>
> Things of the house, the food, the cars, you know, bills, WiFi, electricity, mortgage,
> oil.

Dkt. No. 38-11 at 76:1–19.  Plaintiff, however, is not pursuing any claim for lost wages or loss of

earning capacity.  Dkt. No. 38-16 at 21:13–23; *see also* Dkt. No. 2.

4

### D.  Procedural History

In September 2022, Plaintiffs commenced this action in New York State Supreme Court, Rensselaer County, against Defendant Vasquez, Defendant, and Enterprise FM Trust.  Dkt. No. 2. In October 2022, Defendant and Enterprise FM Trust removed this action to federal court, purportedly on the basis of diversity jurisdiction.  Dkt. No. 1; 28 U.S.C. § 1332.  In November 2022, Plaintiffs stipulated to the discontinuance of their claims against Enterprise FM Trust.  Dkt. No. 12.  In January 2024, the remaining parties jointly requested a brief extension to complete discovery, so that Defendant Vasquez could be deposed following the disposition of his criminal prosecution related to the accident.  Dkt. No. 36.  Discovery otherwise appears to have proceeded smoothly and, besides the Motion, the parties have not engaged in significant motion practice.  *See generally* Docket Sheet.

The Motion argues that Defendant is entitled to summary judgment because Defendant Vasquez did not have express or implied permission to operate the F-150 as he did on the morning of July 24, 2022, nor was he acting within the scope of his employment at that time.  Dkt. No. 38-1.  Plaintiffs oppose the Motion, Dkt. No. 40, and Defendant Vasquez has taken no position.

## III.    DISCUSSION

Before reaching the substance of the Motion, the Court addresses the threshold issue of its jurisdiction.  *See, e.g.,* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Daley v. Amtrak*, No. 24-cv-07378, 2024 WL 4602139, at *1 n.2 (S.D.N.Y. Oct. 29, 2024) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'") (quoting *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019)) (remanding case *sua sponte*); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.");

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("It is

axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which

they lack subject matter jurisdiction. . . . failure of subject matter jurisdiction is not waivable and

may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is

lacking, the action must be dismissed.") (citations omitted).

    "It is well-settled that the party asserting federal jurisdiction bears the burden of

establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation

omitted).  Here, Defendant asserts diversity jurisdiction on the basis of the allegations in the

Complaint.  Dkt. No. 1 at ¶¶ 1–15; 28 U.S.C. § 1332.  When diversity jurisdiction is invoked,

"[p]ursuant to 28 U.S.C. 1332(a), the removing party must establish that: (1) there is complete

diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000

jurisdictional threshold, exclusive of costs and interest." *Doe*, 659 F. Supp. 3d at 296 (citing *Brown

v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)); *see also Windward Bora LLC v. Browne*,

110 F.4th 120, 125–26 (2d Cir. 2024).

    As detailed earlier, the Complaint and Defendant's related submissions appear to establish

diversity of citizenship.  *See* Section II.A, *supra*; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84

(2006) ("Defendants may remove an action on the basis of diversity citizenship if there is complete

diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of

the forum State.").

    As to the amount in controversy, Defendant's Notice of Removal describes the Complaint's

allegations as follows:

    Plaintiff [ ] alleges "severe injuries which are permanent in nature," Compl., ¶ 19,
    including "'serious injury' within the meaning of Section 5102(d) of the Insurance

Law of the State of New York," "economic loss other than 'basic economic loss' within the meaning of Section 5102(a) of the Insurance Law of the State of New York," and "a 'non-economic loss' as that term is defined in Section 5102(c) of the Insurance Law of the State of New York," *id*., ¶¶ 16–18.

Dkt. No. 1 at ¶ 14.  Based on these allegations and the two counts in the Complaint, Defendant concludes that "upon information and belief, the amount in controversy thus exceeds $75,000." *Id.* at ¶ 15; *see also id.* at ¶¶ 3–5, 7, 13.  In a corresponding footnote, Defendant "den[ies] that Plaintiffs are entitled to any relief, but that position is immaterial for the purpose of determining the amount-in-controversy."  *Id.* at ¶ 14 n.1.  Elsewhere, Defendant states it is "preserving all defenses available, including, without limitation, jurisdictional defenses[.]"  *Id.* at 1.

The Court finds that Defendant has failed to satisfy its burden to establish that the amount in controversy exceeds $75,000.  Like many other complaints originally filed in New York state courts and subsequently remanded by federal courts *sua sponte*, the Complaint here does not specify the amount of damages.  *See, e.g., Frierson v. Bay Shippers, LLC*, No. 24-cv-2952, 2024 WL 1835355, at *2 (E.D.N.Y. Apr. 26, 2024) ("The Complaint itself does not specify the amount of money damages sought.") (remanding case *sua sponte*); *Diallo v. Puerta*, No. 23-cv-9452, 2024 WL 640066, at *3 (E.D.N.Y. Feb. 15, 2024) (same); *Doe*, 659 F. Supp. 3d at 296 ("Defendant [ ] acknowledges that the Complaint does not state 'a specific amount of damages' . . .") (remanding case *sua sponte*).  Moreover, the Complaint's assertion that damages "exceed[ ] the jurisdiction of all lower courts which would otherwise have jurisdiction," Dkt. No. 2 at ¶¶ 20, 23, similarly fails to establish the amount in controversy.  *See, e.g., Goodman v. Victoria's Secret & Co.*, No. 24-cv-06014, 2024 WL 4100556, at *2 (S.D.N.Y. Sept. 6, 2024) ("This is obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000). . . . It is not a reference to the federal district courts, any more than it is a reference to the courts of Thailand.") (quoting *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19-cv-4390, 2019 WL

2193820, at *2 (S.D.N.Y. May 21, 2019)) (remanding case *sua sponte*); *Wright v. JB Hunt Transp.
Inc.*, No. 19-cv-2414, 2019 WL 1936725, at *2 (E.D.N.Y. May 1, 2019) ("This mention of the
'lower courts' is a reference to the lower civil courts of New York, which may entertain actions
seeking to recover more than $25,000, and not a reference to the federal district courts.") (citation
omitted) (remanding case *sua sponte*).

As for Defendant's reliance upon the Complaint's legal conclusions regarding New York
Insurance Law § 5102, these conclusions are also insufficient to establish the amount in
controversy. *See, e.g., Efeturk v. Amazon.com Servs., LLC*, No. 23-cv-2861, 2023 WL 3203914,
at *2 (E.D.N.Y. May 2, 2023) (remanding case *sua sponte* where defendants "rely on the fact that
Plaintiff alleges that she 'suffered 'serious injuries' as defined in § 5102(d) of the Insurance Law
of the State of New York' and 'sustained serious injuries and economic loss greater than the 'basic
economic loss'' as defined by § 5102 of the Insurance Law"); *Herrera v. Terner*, No. 16-cv-4610,
2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) ("[T]he Court is left to guess at the amount in
controversy based on the Complaint's general allegation that [plaintiff] 'sustained a serious injury
as defined by Article 51 of the Insurance Law' or 'economic loss greater than basic economic loss
as defined by Article 51 of the Insurance Law.' . . . Such boilerplate pleadings do not suffice to
establish that this action involves an amount in controversy adequate to support federal diversity
jurisdiction.") (citation omitted) (remanding case *sua sponte*); *see also Diallo*, 2024 WL 640066,
at *3 (remanding case *sua sponte* where "[t]he Complaint merely states that Plaintiff was
'seriously' and 'permanently' injured 'as defined in Section 5102(d) of the Insurance Law of the
State of New York'") (citation omitted); *Vaghela-Omanoff*, 2019 WL 2193820, at *2 ("New York
Insurance Law defines 'basic economic loss' as 'up to fifty thousand dollars per person.' . . . This

8

allegation therefore fails to meet the jurisdictional threshold.") (citations omitted) (remanding case *sua sponte*).

Defendant's reliance on the Complaint's generic allegations regarding unspecified "severe" injuries is similarly unavailing. *See, e.g., Minaudo v. Sunrise at Sheepshead Bay*, No. 22-cv-2579, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) ("Courts . . . have rejected similar generalized, 'boilerplate' allegations as a basis for asserting the amount in controversy[.]") (collecting cases) (remanding case *sua sponte*); *Valente v. Garrison From Harrison, LLC*, No. 15-cv-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[T]he Complaint's boilerplate allegations that Plaintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, and will continue to suffer and will require medical attention in the future.'. . . do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.") (citations omitted) (remanding case *sua sponte*); *see also Palmer v. Schindler Elevator Corp.*, No. 17-cv-3619, 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) ("[T]he allegation that plaintiff suffered a lumbar spine injury does not establish that the amount in controversy is over $75,000. . . . The allegation that the plaintiff suffered an injury that required surgical procedures likewise fails to establish that she suffered damages above $75,000.") (citations omitted) (remanding case *sua sponte*).

Finally, this Court, "although not required to do so, has also undertaken to review the electronic docket in the state court proceeding.  That docket is devoid of any written indication of the amount in controversy." *Daley*, 2024 WL 4602139, at *2; *Zelaya et al. v. Vasquez et al.*, Index No. EF2022-272448, N.Y. Sup. Ct. Rensselaer Cnty; *see also Minaudo*, 2023 WL 110359, at *2 ("A defendant removing a personal injury or wrongful death action from New York state court,

moreover, need not guess at the amount in controversy; New York state law provides a mechanism for establishing exactly that.") (citing N.Y. C.P.L.R. § 3017(c)).

In sum, Defendant has not established the amount in controversy necessary for diversity jurisdiction.  *Compare* Dkt. Nos. 1–2*, with Lupo v. Hum. Affs. Intern., Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994) ("[W]e hold that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.") (citation omitted).  Given the limited jurisdiction of federal courts, the Court is constrained to remand this case.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Negron v. Target Corp.*, No. 24-cv-5144, 2024 WL 4043691, at *2 (E.D.N.Y. Sept. 4, 2024) ("The Second Circuit has construed this provision [28 U.S.C. § 1447(c)] as authorizing a district court, at any time, to remand a case *sua sponte* for lack of subject matter jurisdiction.") (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006)) (remanding case *sua sponte*); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (quoting *Lupo*, 28 F.3d at 274).

Accordingly, the Court remands this action to New York State Supreme Court, Rensselaer County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that this action is **REMANDED** to New York State Supreme Court, Rensselaer County; and the Court further

**ORDERS** that Defendant's Motion, Dkt. No. 38, and motion to seal, Dkt. No. 39, are **TERMINATED for lack of subject matter jurisdiction**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: November 14, 2024
        Albany, New York

Anne M. Nardacci
U.S. District Judge